
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) CASE NO. 3:21-CR-**125** |
| v. | ) |
| | ) JUDGES **Varlan/Guyton** |
| DAVID EUGENE RUSH, JR. | ) |

# INDICTMENT

## COUNT ONE

The Grand Jury charges that, on or about January 21, 2021, within the Eastern District of Tennessee, the defendant, DAVID EUGENE RUSH, JR., knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess firearms, the firearms having been transported in interstate or foreign commerce, all in violation of Title 18, United States Code, Section 922(g)(1).

## FORFEITURE ALLEGATION

1. The allegation contained in Count One of this Indictment is hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offense in violation of Title 18, United States Code, Section 922(g)(1), set forth in this Indictment, the defendant, DAVID EUGENE RUSH, JR., shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1), and

Title 28, United States Code, Section 2461(c), any firearms involved in the commission of the offense, including, but not limited to:

(a) Palmetto State Army multi caliber rifle, Model PA-15;

(b) Alex Pro Firearms 5.56 caliber rifle, Model APF-15;

(c) Ruger .223 caliber rifle, Model Mini 14;

(d) Charter Arms .44 caliber revolver, Model Bulldog;

(e) Two (2) Rossi .410 gauge shotguns, Model Tuffy;

(f) Taurus 9mm pistol, Model G2C;

(g) Walther .22 caliber pistol, Model P22;

(h) Diamondback Arms .380 caliber pistol, Model DB380;

(j) Norinco 7.62 x 39mm rifle, Model SKS;

(k) Remington Arms 12 gauge shotgun, Model 870 Tactical Magnum;

(l) Savage .22 caliber rifle, Model 62;

(m) Romarm/Cugir 7.62 x 39mm rifle, Model SAR-1;

(n) Chinese 12 gauge shotgun, Model SAS 12;

(o) Mossberg 12 gauge shotgun, Model 600AT;

(p) Marlin .22 caliber rifle, Model 60;

(q) Taurus .357 caliber revolver, Model 692 Tracker;

(r) Ruger .22 caliber rifle, Model 10/22;

(s) Winchester 30-30 caliber rifle, Model 94; and

(t) Multiple rounds of ammunition

3. If any of the properties described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL:

**SIGNATURE REDACTED**

GRAND JURY FOREPERSON

FRANCIS M. HAMILTON III
ACTING UNITED STATES ATTORNEY

*/s/ Latoyia Carpenter*

LATOYIA T. CARPENTER
Assistant United States Attorney